UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOTISLA BEST,

                    Plaintiff,

          -against-                                        25-CV-3767 (LLS)

HONORABLE DEBRA JAMES; NATASHA                             ORDER OF DISMISSAL
GODBY, ESQ.,

                    Defendants.

LOUIS L. STANTON, United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question

jurisdiction, alleging that her federally protected rights were violated during state-court

proceedings. By order dated May 12, 2025, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint

for the reasons set forth below.

### STANDARD OF REVIEW

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

          While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted)

(emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Judge Debra James, who sits in the New York State Supreme Court, New York County, and Natasha Godby, an attorney in the "Office of Legal Affairs." The following facts are drawn from the complaint.[1]

Plaintiff filed an action in the New York County Supreme Court, which proceeded in that court under Index Number 100935/20. Plaintiff alleges that "a crime . . . took place on the property of counsel's defendants or employee"; that Godby showed "deliberate indifference" and caused "interference" in the case, and that Judge James "caused a delay or interruption" to the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

case. (*Id.* at 6.) Attached to the complaint are: (1) part of a brief that Plaintiff's state-court adversary filed seeking dismissal of the state-court matter for lack of subject matter jurisdiction; (2) part of an order issued by Judge James on July 23, 2021, dismissing the action for lack of subject matter jurisdiction; and a January 23, 2025 letter to Plaintiff from the New York State Supreme Court, Appellate Division, First Department, in connection with a complaint that Plaintiff filed against Godby, identified as an attorney with the New York City Department of Homeless Services. (ECF 1-1.) Plaintiff seeks money damages. (ECF 1 at 7.)

Plaintiff has previously sued Godby, and other defendants, in connection with the state court matter underlying this case. *See Best v. Unknown Self-Employer-Non Taxpayer*, No. 23-CV-9042 (LTS) (S.D.N.Y. Sept. 5, 2024) (dismissing complaint against Godby and others, in connection with state-court matter under Ind. No. 100935/20, for failure to state a claim and as barred by the *Rooker-Feldman* doctrine), No. 24-2518 (2d Cir. Mar. 4, 2025) (dismissing appeal as frivolous).

## DISCUSSION

### A.    Claims against the named defendants

#### 1.    Judge James

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Finally, where a plaintiff seeks injunctive relief, the plaintiff must seek to remedy a harm that is prospective. *See, e.g.*, *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against the judge in part because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

Plaintiff fails to allege any facts showing that Judge James acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues a judicial officer for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff alleges no facts suggesting that she seeks to remedy a harm that is prospective, or that a

4

declaratory decree was violated, declaratory relief was unavailable, or that an appeal is unavailable.

Accordingly, the Court dismisses Plaintiff's claims against Judge James because she seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].")

**B.    Natasha Godby**

Plaintiff's claims against Natasha Godby must be dismissed. Government attorneys are immune from any liability arising from their conduct connected to NYSDHR proceedings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process.") (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Hines v. Blum*, No. 21-CV-5528 (LTS), 2021 WL 3193034, at *1 (S.D.N.Y. July 26, 2021) (dismissing claims against attorney representing a state agency). This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits – including the defense of such actions." *Id*. (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).

Here, Plaintiff's claims against Godby are based on actions within the scope of her official duties and associated with the Plaintiff's state-court matter. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

**C.**    *Rooker-Feldman* **doctrine**

This Court cannot grant Plaintiff the relief she seeks in connection with the closed state-court matter underlying this action. As the court previously explained in *Best v. Unknown Self-Employer-Non Taxpayer*, No. 23-CV-9042 (LTS) (S.D.N.Y. Sept. 5, 2024):

> Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine – named for *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923), and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies where the federal court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).
>
> To the extent that Plaintiff is challenging a final state-court judgment and seeks an order from this Court vacating that judgement, her claim is for injuries "caused by the state-court judgment[s]." *Exxon*, 544 U.S. at 284. As Plaintiff cannot ask this Court to review or vacate state-court decisions, her claim for relief is barred under the *Rooker-Feldman* doctrine

No. 23-CV-9042, ECF 31 at 4-5.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint. *See Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) ("While our cases generally discourage . . . dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018),

we have recognized exceptions for 'unmistakably' defective pleadings, *id.*, and serial litigation that 'reassert[s]' claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).").

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

In addition to the prior complaint that Plaintiff filed against Godby, arising out of the events underlying this one, she has filed other complaints that have been dismissed as frivolous, for failure to state a claim, or for lack of subject matter jurisdiction.[2] *See Best v. Office of Cananbis Mgmt.*, No. 24-CV-5560 (LLS) (S.D.N.Y. July 25, 2024) (dismissing complaint for lack of subject matter jurisdiction); *Best v. ACS*, No. 23-CV-3017 (LTS) (S.D.N.Y. Oct. 16, 2023) (dismissing complaint for failure to state a claim on which relief may be granted); *Best v. Apple*, No. 20-CV-8870 (LLS) (S.D.N.Y. Oct. 30, 2020) (dismissing complaint as frivolous).

Plaintiff is warned that further duplicative or meritless litigation in this Court may result in an order barring Plaintiff from filing new actions IFP unless she receives prior permission. *See* 28 U.S.C. § 1651.

---

[2] Plaintiff has one matter pending, which is undergoing the screening process set forth under 28 U.S.C. § 1915(e)(2)(B). *Best v. Pels*, No. 25-CV-1547 (LTS) (S.D.N.Y. filed Feb. 21, 2025).

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Plaintiff is warned that further duplicative or meritless litigation in this Court may result in an order barring Plaintiff from filing new actions IFP unless she receives prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    September 11, 2025
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.